IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHERRY CHANG and JASMINE SHIMODA, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>BD STANHOPE, LLC, ERIC GOODE, and SEAN MACPHERSON,<br><br>Defendants. | 10 Civ. 8577 (TPG)<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 11/15/2012 |

### [PROPOSED] FINAL JUDGMENT AND ORDER
### GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Having considered the Motion for Final Approval, and the supporting declaration of Brian S. Schaffer, the oral argument presented at the November 13, 2012 fairness hearing, and the complete record in this matter, for the reasons set forth therein and stated on the record at the November 13, 2012 fairness hearing, and for good cause shown,

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

**Certification Of The Settlement Class**

1. This Court certifies the following class under Fed. R. Civ. P. 23(e), for settlement purposes:

> All tipped employees employed by BD Stanhope who worked at the venues known as Hiro Ballroom and Cabanas in the positions of server, cocktail server, bartender, barback and busser, between November 12, 2004 through March 31, 2012.

2. Plaintiffs meet all of the requirements for class certification under Fed. R. Civ. P. 23(a) and (b)(3).

**Approval Of The Settlement Agreement**

3. The Court hereby grants the Motion for Final Approval and finally approves the settlement as set forth in the Settlement Agreement.

4. Rule 23(e) requires court approval for a class action settlement to ensure that it is procedurally fair, reasonable, and adequate. Fed. R. Civ. P. 23(e). To determine procedural fairness, courts examine the negotiation process leading to the settlement. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005); *D'Amato v. Deutsche Bank*, 236 F.3d 78, 85 (2d Cir. 2001). To determine substantive fairness, courts determine whether the settlement's terms are fair, adequate, and reasonable according to the factors set forth in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974).

5. Courts examine procedural fairness and substantive fairness in light of the "strong judicial policy favoring settlements" of class action suits. *Wal-Mart Stores*, 396 F.3d at 116; *see also In re EVCI Career Colls. Holding Corp. Sec. Litig.*, No. 05 Civ. 10240 (CM), 2007 WL 2230177, at *4 (S.D.N.Y. July 27, 2007).

*Procedural Fairness*

6. The settlement is procedurally fair, reasonable, adequate, and not a product of collusion. *See* Fed. R. Civ. P. 23(e); *Velez v. Novartis Pharmaceuticals Corp.*, No. 04 Civ. 09194 (CM), 2010 WL 4877852, at *16-17 (S.D.N.Y. Nov. 30, 2010). The settlement was reached after the parties had conducted a thorough investigation and evaluated the claims and defenses, and after arm's-length negotiations between the parties.

*Substantive Fairness*

7. The settlement is substantively fair. All of the factors set forth in *Grinnell*, 495 F.2d 448, which provides the analytical framework for evaluating the substantive fairness of a class action settlement, weigh in favor of final approval.

**Approval Of The FLSA Settlement**

8. The Court hereby approves the FLSA settlement.

9. The standard for approval of an FLSA settlement is significantly lower than for a Rule 23 settlement because an FLSA settlement does not implicate the same due process concerns as a Rule 23 settlement. *Khait v. Whirlpool Corp.*, No. 06 Civ. 6381 (ALC), 2010 WL 2025106, at *6 (E.D.N.Y. Jan. 20, 2010) (*citing McKenna v. Champion Int'l Corp.*, 747 F.2d 1211, 1213 (8th Cir. 1984)).

10. Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes. *See deMunecas v. Bold Food, LLC*, No. 09 Civ. 00440 (DAB), 2010 WL 3322580, at *7 (S.D.N.Y. Aug. 23, 2010) (*citing Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)). "Typically, courts regard the adversarial nature of a litigated FLSA case to be adequate indicator of the fairness of the settlement." *Id.* (*citing Lynn's Food Stores*, 679 F.2d at 1353-54). "If the proposed settlement reflects a reasonable compromise over contested issues the settlement should be approved." *Id.*

**Dissemination Of Notice**

11. The Court finds that the Notice and its distribution comported with all constitutional requirements, including those of due process.

12. The Court confirms Kurtzman Carson Consultants, LLC as the Claims Administrator.

13. The Court approves Plaintiffs' request for the Claims Administrator to be paid out of the settlement fund. The estimated administration costs are $14,253. However, this number is subject to change, as significant work still remains to complete the administration.

**Service Awards To Class Representatives**

14.     The Court finds reasonable the service awards of $10,000 each for the class representatives, Sherry Chang and Jasmine Shimoda. These awards shall be paid from the settlement fund.

15.     Courts approve service awards in this range to class representatives in wage and hour class and collective actions. *See, e.g., Capsolas v. Pasta Resources Inc.*, No. 10 Civ. 5595 (RLE), 2012 WL 4760910, at *9 (S.D.N.Y. Oct. 5 2012) (approving service awards of $20,000 and $10,000 for class representatives); *Lovaglio v. W & E Hospitality Inc.*, No. 10 Civ. 7351 (LLS), 2012 WL 2775019, at *4 (S.D.N.Y. July 6, 2012) (approving service awards of $10,000 to three class representatives in wage and hour action); *Sewell*, 2012 WL 1320124, at *14-15 (approving service awards of $15,000 and $10,000 in wage and hour action); *Matheson v. T-Bone Rest., LLC*, No. 09 Civ. 4214 (DAB), 2011 WL 6268216, at *9 (S.D.N.Y. Dec. 13, 2011) (approving a service award of $45,000 for a class representative in a wage and hour action). Service awards "are particularly appropriate in the employment context ... [where] the plaintiff is often a former or current employee of the defendant, and thus ... he has, for the benefit of the class as a whole, undertaken the risks of adverse actions by the employer or co-workers." *Frank*, 228 F.R.D. at 187; *see also Sewell*, 2012 WL 1320124, at *14 (stating that "former employees . . . fac[e] [sic] potential risks of being blacklisted as 'problem' employees").

**Award Of Fees And Costs To Class Counsel**

16.     On August 14, 2012, the Court appointed F&S as Class Counsel because they meet all of the requirements of Fed. R. Civ. P. 23(g). *See* Docket No. 44.

17.     The work that Class Counsel has performed in litigating and settling this case demonstrates their commitment to the class and to representing the best interests of the class. Class Counsel has committed substantial resources to prosecuting this case.

- 4 -

18.     The Court hereby grants Class Counsel's request for attorneys' fees and awards Class Counsel $308,333.33, which is one-third of the settlement fund.

19.     "Although there are two ways to compensate attorneys for successful prosecution of statutory claims, the lodestar method and the percentage of the fund method, the trend in this Circuit is to use the percentage of the fund method in common fund cases like this one." *Johnson v. Brennan*, No. 10 Civ. 4712 (CM), 2011 WL 4357376, at *14 (S.D.N.Y. Sept. 16, 2011) (*citing McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010); *Wal-Mart Stores*, 396 F.3d at 121; *deMunecas*, 2010 WL 3322580, at *8). Further, public policy favors a common fund attorneys' fee award in wage and hour class actions. *See Johnson*, 2011 WL 4357376, at *13 (collecting cases). "If not, wage and hour abuses would go without remedy because attorneys would be unwilling to take on the risk." *Id.*; *see also Sand v. Greenberg*, No. 08 Civ. 7840 (PAC), 2010 WL 69359, at *3 (S.D.N.Y. Jan. 7, 2010) ("But for the separate provision of legal fees, many violations of the Fair Labor Standards Act would continue unabated and uncorrected.").

20.     "Where relatively small claims can only be prosecuted through aggregate litigation, and the law relies on prosecution by 'private attorneys general,' attorneys who fill [that role] must be adequately compensated for their efforts. *See Reyes v. Altamarea Grp. LLC*, No. 10 Civ. 6451(RLE), 2011 WL 4599822, at *7 (S.D.N.Y. Aug. 16, 2011); *see also Sand*, 2010 WL 69359, at *3 (statutory attorneys' fees are meant to "encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel").

21.     Class Counsel's request for one-third of the fund is "fair and reasonable" and "consistent with the trend in this Circuit." *See, e.g., Lovaglio*, 2012 WL 2775019, at *3 (awarding one-third of the total settlement amount in a wage and hour class action); *Diaz*, 2010 WL 5507912,

at *6-7 (awarding one-third of the fund in a wage and hour class action, and finding it "reasonable and consistent with the norms of class litigation in this circuit").

22. Common fund recoveries are contingent on a successful litigation outcome. "Such contingency fees provide access to counsel for individuals who would otherwise have difficulty obtaining representation ... and transfer a significant portion of the risk of loss to the attorneys taking a case. Access to the courts would be difficult to achieve without compensating attorneys for that risk." *Capsolas*, 2012 WL 4760910, at *8 (internal quotation marks omitted). Many individual litigants, including the Class Members here, "cannot afford to retain counsel at fixed hourly rates ... yet they are willing to pay a portion of any recovery they may receive in return for successful representation." *Id.*

23. The Court also awards Class Counsel reimbursement of their litigation expenses in the amount of $4,495. Courts typically allow attorneys to recover "reasonable out-of-pocket expenses [which were] incidental and necessary to the representation of [their] clients." *In re Indep. Energy Holdings PLC Sec. Litig.*, 302 F. Supp. 2d 180, 183 n. 3 (S.D.N.Y. 2003). Here, Class Counsel's unreimbursed expenses were incidental and necessary to the representation of the Class and should be approved. Schaffer Decl. ¶ 48.

24. The attorneys' fees and the amount in reimbursement of litigation costs and expenses shall be paid from the settlement fund.

**Settlement Procedure**

25. Pursuant to the Settlement Agreement, by no later than ten (10) days after this Order, Defendants shall deposit the entire Settlement Payment into an escrow account created and controlled by the Claims Administrator.

26. The "Effective Date" of the settlement shall be thirty (30) days following this Order if no appeal is taken from the Order. If a party appeals this Order, the "Effective Date" of the settlement shall be the day the Court enters a final order and judgment after resolving any appeals.

27. Within fourteen (14) days of the Effective Date, the Claims Administrator will distribute the funds in the settlement account by making the following payments in the order below:

28. Paying Class Counsel one-third of the fund ($308,333.33);

29. Reimbursing Class Counsel for litigation costs and expenses;

30. Paying the Claims Administrator's fee;

31. Paying the service awards of $10,000 each to Plaintiffs Sherry Chang and Jasmine Shimoda; and

32. Paying the remainder of the fund to Qualified Class Members in accordance with the allocation plan described in the Settlement Agreement.

33. The Court retains jurisdiction over this action for the purpose of enforcing the Settlement Agreement and overseeing the distribution of settlement funds. The parties shall abide by all terms of the Settlement Agreement, which are incorporated herein, and this Order.

34. Upon the Effective Date, this litigation shall be dismissed with prejudice and all members of the Class who have not excluded themselves from the settlement shall be permanently enjoined from pursuing and/or seeking to reopen claims that have been released pursuant to the settlement.

It is so ORDERED this 13th day of Nov, 2012.

_____
Thomas P. Griesa, United States District Judge